IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02626-NYW-KAS

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

    Plaintiff,

v.

QWEST CORPORATION, doing business as CenturyLink QC,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Defendant's **Motion to Stay Discovery** [#31] (the "Motion to Stay") and Plaintiff's **Partially Unopposed Motion for Leave to File Sur-Reply or, in the Alternative, Strike Portions of Defendant's Reply Brief** [#40] (the "Motion to File Surreply"). Plaintiff Liberty Mutual Fire Insurance Company filed a Response [#38] in opposition to the Motion to Stay [#31], and Defendant Qwest Corporation filed a Reply [#39]. Defendant filed a Response [#42] in partial opposition to the Motion to File Surreply [#40], and Plaintiff filed a Reply [#43]. In the Motion to Stay [#31], Defendant asks the Court to stay all discovery pending a ruling on its 12(b)(1) Motion to Dismiss or, in the Alternative, Motion to Dismiss or Stay Under the Declaratory Judgment Act [#20] (the "Motion to Dismiss"), which is currently pending before the District Judge.

    At the outset, the Court notes that Defendant's request for a stay of discovery pending resolution of the Motion to Dismiss [#20] is distinct from Defendant's request for

what essentially amounts to a stay of proceedings, which is pending before the District Judge in its Motion to Dismiss [#20]. On a motion seeking a stay of discovery, courts in this District typically apply the five-factor test enunciated in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). On a motion seeking to stay proceedings in a Declaratory Judgment Act case, courts typically address the five-factor test ("*Mhoon* factors") enunciated in *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). *See, e.g.*, *St. Paul Fire & Marine Ins. Co. v. Jones*, No. 20-cv-0389-WJM-GPG, 2021 WL 5415869, at *3-5 (D. Colo. Nov. 19, 2021) (applying *Mhoon* factors). Thus, here, the Court is only concerned with the *String Cheese Incident* factors.

### A.   Motion to File Surreply [#40]

In this motion, Plaintiff seeks leave to file a Surreply [#40-1] addressing certain issues it believes were raised by Defendant for the first time in Defendant's Reply [#39] in support of its Motion to Stay [#31]. Alternatively, Plaintiff asks the Court to strike certain portions of Defendant's Reply [#30] and attached Declaration of Arthur David Bona [#39-1]. *Motion to File Surreply* [#40] at 5.[1] Defendant partially opposes the request, stating that it is not opposed to a narrow surreply which addresses the information provided in the Declaration of Arthur David Bona [#39-1]. *Response* [#42] at 2.

Surreplies are not contemplated by the Federal Rules of Civil Procedure or the Local Rules of Practice. *See, e.g.*, *Pittman v. Long*, No. 23-cv-00291-PAB-KAS, 2024 WL 3925342, at *1 n.2 (D. Colo. Aug. 23, 2024). However, "[g]enerally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the

---

[1] Citations to page numbers refer to the numbering stamped on the document by the Court's docketing system, not to the document's original numbering.

2

movant's reply." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). "Material, for purposes of this framework, includes both new evidence and new legal arguments." *Id.* (internal quotation marks and citation omitted).

Here, the Court finds that neither the Proposed Surreply [#40-1] nor the Declaration of Arthur David Bona [#39-1] *materially* affect resolution of the Motion to Stay [#31]. *See, e.g.*, *Adams v. Martinez*, No. 22-1425, 2023 WL 5273771, at *3 (10th Cir. Aug. 16, 2023) (finding that the district court did not abuse its discretion in declining to consider a surreply where, in part, the surreply did not change the underlying legal analysis).

Accordingly, the Motion to File Surreply [#40] is **denied**.

### B.  Motion to Stay [#31]

The Court, in exercising its discretion to determine whether a stay of discovery is appropriate, the Court considers the following factors: (1) Plaintiff's interest in proceeding expeditiously with discovery and the potential prejudice to Plaintiff of a delay; (2) the burden on Defendant by proceeding with discovery; (3) the convenience to the Court; (4) nonparties' interests in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

A very brief background of the lawsuit is warranted before the Court examines each of these factors. According to the Complaint [#1], in December 2023, Defendant, who does business as CenturyLink QC, "was named as a defendant in three lawsuits relating to the December 30, 2021 Marshall Fire in Boulder County." *See* [#1] ¶ 1. These lawsuits "allege that a CenturyLink telecommunications line came unmoored several

3

months prior to the Marshall Fire and repeatedly made contact with another company's telecommunications line which . . . then came into contact with and ignited electrical equipment." *Id.* In the present lawsuit, Plaintiff filed its Complaint for Declaratory Judgment and Jury Demand [#1] on September 23, 2024. Therein, Plaintiff seeks a declaration of the parties' rights and obligations with respect to a certain commercial general liability policy issued by Plaintiff (the "Policy").

Plaintiff alleges that Defendant itself is not a Liberty Mutual policyholder, but that "Defendant claims to be an 'additional insured'" under the relevant Liberty Mutual Policy issued in Florida to Dycom Industries, Inc. ("Dycom"). *Id.* ¶ 2. Thus, Defendant has asked Plaintiff to defend and indemnify it in the three underlying Marshall Fire actions. *Id.* According to Plaintiff, Defendant claims that Dycom's subsidiary Pauley Construction, Inc. (which was later converted to Pauley Construction, LLC) ("Pauley") agreed as part of a 2009 Master Services Agreement to name Defendant on certain insurance policies for damages alleged to have resulted from Pauley's work. *Id.* ¶ 3. Defendant apparently seeks to invoke an additional insured endorsement that would apply to "[a]ll persons or organizations for whom [a named insured has] agreed in a written contract or agreement, prior to an 'occurrence' or offense, to provide additional insured status." *Id.* ¶ 4. Plaintiff states that, out of "an abundance of caution," it has therefore agreed to treat Defendant as an additional insured and provide it a defense in the underlying lawsuits, subject to a full reservation of rights. *Id.* ¶ 5. However, Plaintiff believes that Defendant has not yet demonstrated that it qualifies as an additional insured under Dycom's Policy and that, even if Defendant does so qualify, "the scope of coverage potentially available to [Defendant] would be limited." *Id.* This is because, in Plaintiff's view, the Policy does not

4

insure Defendant for its own negligence or for liability in lawsuits that do not seek to hold Defendant vicariously liable for Pauley's work. *Id.*

Plaintiff lists its five claims as follows: (1) Declaratory Judgment—CenturyLink Is Not an Additional Insured; (2) Declaratory Judgment—Liberty Mutual Has No Duty to Defend CenturyLink; (3) Declaratory Judgment—Libert Mutual Has No Duty to Indemnify CenturyLink; (4) Declaratory Judgment—Alternatively, Any Obligation to Indemnify CenturyLink Is Subject to a $1 Million Limit of Liability; and (5) Recoupment of Defense Costs. *Compl.* [#1] ¶¶ 58-77.

On November 5, 2024, Defendant filed its Motion to Dismiss [#20]. Therein, Defendant primarily argues (1) the Court lacks subject matter jurisdiction because Plaintiff lacks standing, and (2) the Court should exercise its discretion under the Declaratory Judgment Act to dismiss or stay the case. *Motion to Dismiss* [#20] at 6-16.

### 1. Plaintiff

The first *String Cheese Incident* factor concerns Plaintiff's interest in proceeding expeditiously with discovery and the potential prejudice to Plaintiff of a delay. *String Cheese Incident*, 2006 WL 894955, at *2.

With respect to this factor, Defendant essentially asserts that Plaintiff does not have an interest in proceeding expeditiously and will incur no prejudice because Defendant's Motion to Dismiss [#20] is meritorious. *Motion to Stay* [#31] at 7 (stating that "the declarations [Plaintiff] seeks will not impact the Supplementary Payments coverage under which it is handling [Defendant's] claim"). Defendant further states that Dycom is paying for Defendant's defense in the underlying actions up to the $1,000,000 deductible, only after which Plaintiff would potentially be required to contribute to the defense. *Id.* at

5

7-8. As of the filing of the Motion to Stay [#31] on January 13, 2025, Dycom had only paid $66,302.68 to Defendant's defense counsel in the underlying actions; therefore, Defendant asserts that Plaintiff "is not paying any defense costs, and there is no evidence that it will be required to do so any time soon." *Id.* at 8. Thus, Defendant asserts that Plaintiff will incur no prejudice by imposition of a stay of discovery. *Id.*

Plaintiff responds that it has a strong interest in proceeding because the underlying actions are ongoing and Plaintiff "is providing a defense to Defendant pursuant to a full reservation of rights[.]" *Response* [#38] at 11. Plaintiff points out that costs are continuing to be incurred in the underlying actions, that "much of the relevant evidence in this case dates to at least 2021, and as far back as 2014, adding to the sense of urgency in moving forward with discovery as soon as possible to preserve such evidence's availability," and that "at any point, fast moving settlement discussions may arise in those actions—with settlement demands made upon [Plaintiff] to which it will be expected to respond in short order." *Id.* Plaintiff also notes that, in the Motion to Stay [#31], Defendant has only pointed to "the costs so far paid by Dycom, rather than those total costs incurred by [Defendant], which are presumably larger and ongoing given that the Underlying Actions are actively proceeding." *Id.* Plaintiff asserts that this argument "ignores the substantial risk that developments in the Underlying Actions will require far more capital both from [Plaintiff] and its insured, Dycom," and that Plaintiff therefore "has a strong interest in having its obligations resolved before these capital requirements materialize." *Id.* at 11-12.

Defendant replies that Plaintiff's "purported interests in proceeding expeditiously with discovery are inchoate and speculative," because (1) Plaintiff does not contest that more than $933,000 remains to be paid by Dycom under the deductible; (2) Plaintiff has

6

not made any showing that "developments" in the underlying actions requiring additional capital will occur before the Motion to Dismiss [#20] is resolved; (3) "[a]ll available physical evidence in the Underlying Actions has been preserved and documented, and the relevant physical evidence has been collected and stored pursuant to agreed-upon protocols and subjected to extensive expert analysis and laboratory testing," and (4) "[a]pproximately 300 fact depositions have occurred in the Underlying Actions preserving witness testimony." *Reply* [#39] at 7-8.

The Court acknowledges that Plaintiff has a general interest in expeditious litigation. *See, e.g.*, *Rivera v. Maldonado*, No. 21-cv-01119-CMA-NYW, 2021 WL 5050425, at *2 (D. Colo. Nov. 1, 2021). Granting Defendant's motion "could delay the proceedings for an unknown period of time until there is a ruling on the pending motion," and such a delay might "significantly impact and prejudice [P]laintiff's 'right to pursue [its] case and vindicate its claim expeditiously.'" *String Cheese Incident*, 2006 WL 894955, at *2 (citing *Renda*, 1987 WL 348635, at *2). Plaintiff would essentially be left in limbo were the Court to impose a stay of discovery in this case, not knowing what its eventual legal obligations with respect to the underlying actions might be.

Although Defendant notes how much money has been paid by Dycom as of the date of the filing of the Motion to Stay [#31], the parties filings provide no indication as to the amount of fees and costs that have accrued and are unpaid. Further, particularly in complex lawsuits as the underlying actions appear to be, costs and fees grow exponentially as the case progresses from initial disclosures to written discovery to depositions to dispositive motions to trial. Thus, although Plaintiff may not be at risk at

7

this moment of incurring a high degree of prejudice, the longer the present lawsuit languishes, the greater that risk grows.

Accordingly, the Court finds this factor weighs against entry of a stay.

### 2. Defendant

The second *String Cheese Incident* factor concerns the burden on the defendant by proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2.

With respect to this factor, Defendant asserts that proceeding while a motion to dismiss is pending, particularly one that raises the issue of subject matter jurisdiction, constitutes a significant burden on it. *Motion to Stay* [#31] at 8. Without a stay, Defendant asserts that it will have to respond to Plaintiff's written discovery requests (which it expects to involve some ESI), that it will have to participate in depositions (including under Rule 30(b)(6)), that it will have to engage experts in the areas of insurance coverage and/or telecommunications infrastructure, and that it will have to propound its own discovery requests on Plaintiff and third parties. *Id.* at 9. In all, Defendant believes that "nine months for fact discovery and an additional two and a half months for expert discovery" will be required, which will "be time consuming and expensive." *Id.* at 9-10.

Plaintiff responds that Defendant has merely pointed to Plaintiff's "intention to proceed with standard forms of discovery within the typical limits under the agreed Scheduling Order already entered by this Court." *Response* [#38] at 12. Plaintiff asserts that the discovery it intends to seek is "necessary in order to determine financial responsibility related to the Underlying Actions and will have to be undertaken at some point (even if the Court were to accept [Defendant's] argument that [Plaintiff] won't have standing until the deductible is fully eroded)." *Id.* at 12. In short, Plaintiff argues that,

8

because Defendant's "articulated burdens are merely the expenses inherent in conducting litigation, any such burdens do not outweigh" Plaintiff's interest in proceeding expeditiously with this lawsuit. *Id.* at 12-13.

Defendant replies that it has sufficiently shown a burden of proceeding at this time because (1) of the jurisdictional grounds on which its Motion to Dismiss [#20] relies, and (2) its identification of the "significant" discovery Plaintiff will pursue and the discovery that Defendant will be forced to pursue. *Reply* [#39] at 8. Defendant also speculatively asserts that Plaintiff's pursuit of discovery "could result in the development of an inconsistent factual record" and states that it would "unnecessarily . . . expose [Defendant] to additional costs addressing parallel issues in the Underlying Actions." *Id.* at 8-9.

The Court notes that, based on when the Motion to Dismiss [#20] was filed (November 5, 2024), the District Judge will likely resolve that motion well before discovery closes (although the undersigned can make no guarantee on that point). *See Scheduling Order* [#34] at 9-10 (setting the fact discovery cut-off as October 15, 2025, and the expert discovery cut-off as January 20, 2026). The Court also notes that it has not looked deeply at the merits of the Motion to Dismiss [#20], as the issues therein are pending before the District Judge, not the undersigned. *See, e.g.*, *Masciotra v. Vertafore, Inc.*, No. 20-cv-03603-WJM-NYW, 2021 WL 3887949, at *2 (D. Colo. Feb. 3, 2021) (declining to take a "preliminary peek" at the merits of a motion to transfer that was not pending before the judge). Nevertheless, while the Court makes no comment on the ultimate merit of Defendant's arguments, the Court notes that they do not facially appear to be frivolous. Defendant would undoubtedly be prejudiced if it were forced to engage in discovery if its Motion to Dismiss [#20] were ultimately granted. *String Cheese Incident*, 2006 WL

9

894955, at *2. A stay may be appropriate if resolution of a preliminary motion may dispose of the entire action, and this is even more true when the preliminary motion raises issues of jurisdiction. *See Strom v. Weiser*, No. 20-cv-03417-KLM, 2021 WL 5561724, at *2-3 (D. Colo. Feb. 18, 2021).

Accordingly, the Court finds this factor weighs in favor of a stay.

### 3. The Court

The third *String Cheese Incident* factor concerns the convenience to the court. *String Cheese Incident*, 2006 WL 894955, at *2.

With respect to this factor, Defendant asserts that "the inconvenience of a dismissal in the future outweighs the inconvenience of issuing a stay" because discovery in this lawsuit could require court intervention to resolve anticipated discovery disputes. *Motion to Stay* [#31] at 10.

Plaintiff disagrees that forthcoming discovery requests will require court intervention. *Response* [#38] at 13. Plaintiff also notes that a stay now will require future amendments to the Scheduling Order and asserts that any discovery disputes will likely not arise until after the Motion to Dismiss [#20] is resolved. *Id.* at 13-14.

In its Reply [#39], Defendant points out that discovery is underway, with fact discovery slated to close in September and expert discovery in less than a year. *Reply* [#39] at 9-10. Thus, Defendant asserts that discovery disputes are unlikely to be "far in the future." *Id.* at 10.

The Court may be inconvenienced by an "ill-advised stay because the delay in prosecuting the case . . . makes the Court's docket less predictable and, hence, less manageable." *Lester v. Gene Express, Inc.*, 09-cv-02648-REB-KLM, 2010 WL 743555,

10

at *2 (D. Colo. Mar. 2, 2010). In fact, "[w]hile every motion to stay comes with different considerations, stays—and the delay that comes with them—are usually not convenient." *McGinn v. El Paso County, Colorado*, 640 F. Supp. 3d 1070, 1076 (D. Colo. Nov. 14, 2022). However, where a pending motion to dismiss may fully resolve the case, "a stay may prevent a waste of judicial time and resources in handling discovery disputes regarding claims and parties that are subject to dismissal." *Ashaheed v. Currington*, No. 17-cv-03002-WJM-SKC, 2019 WL 11690136, at *2 (D. Colo. Nov. 4, 2019). The Court finds this to be particularly true where issues of subject matter jurisdiction have been raised, thereby implicating the Court's ability to adjudicate all or parts of a lawsuit.

Here, the Court finds that Defendant's requested stay would be convenient to the Court and would promote judicial efficiency. Therefore, this factor weighs in favor of a stay.

    **4.    Nonparties**

The fourth *String Cheese Incident* factor concerns nonparties' interests in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2.

With respect to this factor, Defendant points to the likelihood that both Pauley and Dycom will be subject to Rule 30(b)(6) depositions and possible document subpoenas. *Motion to Stay* [#31] at 12.

Plaintiff responds that "Dycom is currently paying [Defendant's] defense costs as part of its deductible under the at-issue Liberty Mutual policy," and that "Dycom (and Pauley) therefore have an interest in the quick resolution of this case," because "any delay will burden Dycom with [Defendant's] continued defense costs in the Underlying Actions." *Response* [#38] at 14. Plaintiff also notes that that the plaintiffs "in the Underlying Actions

11

may also have an interest in a swift resolution of the dispute between Liberty Mutual and CenturyLink so that they understand what insurance may or may not be available in connection with settlement discussions." *Id.* at 14 n.3.

Defendant replies that Dycom and Pauley would incur no burden if discovery were stayed and the Motion to Dismiss [#20] is granted. *Reply* [#39] at 10. Defendant also explains why, in its view, Dycom and Pauley would not be burdened by a delay:

> Given that [Plaintiff] improperly shifted these [defense] costs to Dycom in the first place, [Plaintiff's] concern for Dycom is disingenuous at best. It also is unjustified. Pauley (Dycom's subsidiary) has an uncapped obligation to defend [Defendant] against the Underlying Actions. This obligation is insured under the Contractual Liability coverage in the Policy. It also is subject to the Policy's Deductible. Even if [Plaintiff] prevailed on its claims, the source for funding the Underlying Actions would essentially remain unchanged.

*Id.* at 10-11 (internal citations omitted).

The Court finds that Dycom (and Pauley as its subsidiary) have interests which align closely with Plaintiff with respect to expeditious resolution of this lawsuit. Just as Plaintiff is uncertain about its obligations under the Policy, this lawsuit means that Dycom is also uncertain about Plaintiff's obligations, if any, to pay defense costs after the deductible's exhaustion. The fact that Dycom and Pauley may have to engage in some discovery in this lawsuit does not outweigh that consideration.

Accordingly, the fourth *String Cheese Incident* factor weighs against staying discovery.

### 5. The Public

The fifth *String Cheese Incident* factor concerns the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2.

With respect to this factor, Defendant asserts that, "[o]n balance," a stay would promote the public interest because a stay "could avoid the expenditure of judicial resources to resolve disputes that are likely to arise[.]" *Motion to Stay* [#31] at 13.

Plaintiff responds that Defendant's stay request "is of an indeterminate length" and that the "Motion to Dismiss does not present true jurisdictional issues" but only delays the resolution of whether Defendant qualifies as an additional insured. *Response* [#38] at 15. Thus, Plaintiff asserts that a stay is inefficient and not in the public interest. *Id.*

Defendant replies that "[e]ven an extended stay of discovery would not run counter to the public interest, as it would allow the Underlying Actions to move forward and potentially narrow the scope of discovery in this action." *Reply* [#39] at 11.

The Court first notes that "there is a general public interest in the speedy resolution of legal disputes," but "there is also a strong public policy in 'avoiding unnecessary expenditures of public and private resources on litigation.'" *Ashaheed*, 2019 WL 11690136, at *3 (quoting *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *4 (D. Colo. July 30, 2015) and citing *Waisanen v. Terracon Consultants, Inc.*, No. 09-cv-01104-MSK-KMT, 2009 WL 5184699, at *2 (D. Colo. Dec. 22, 2009)).

The underlying actions are clearly a matter of public interest. Defendant here is the "defendant in three lawsuits relating to the devastating Marshall Fire that started on December 30, 2021 in Boulder County." *Compl.* [#1] ¶ 1. "The lawsuits allege that a CenturyLink telecommunications line came unmoored several months prior to the Marshall Fire and repeatedly made contact with another company's telecommunications line which . . . then came into contact with and ignited electrical equipment." *Id.* While the

13

Court makes no comment on whether Defendant is liable in the underlying actions, it is a matter of public knowledge that the Marshall Fire, at a bare minimum, caused many thousands of people to evacuate and destroyed hundreds of structures. Efficient resolution of the underlying actions is clearly a matter of public interest, and proceeding with this lawsuit in an efficient manner will aid that interest by providing clarity to its participants with respect to litigation costs.

Accordingly, this factor weighs against entry of a stay.

**C.   Conclusion**

Having balanced all five factors, the Court finds that a stay of discovery pending resolution of Defendant's Motion to Dismiss [#20] is not warranted. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#31] is **DENIED**.

IT IS FURTHER **ORDERED** that the Motion to File Surreply [#40] is **DENIED**.

Dated: May 2, 2025                                         BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge